# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>LARRY ANTHONY NESBY,<br><br>  Defendant. | Case No. 01-cr-40047-01-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Larry Anthony Nesby's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Manual ("U.S.S.G.") § 1B1.10 (Doc. 194). The Court appointed counsel for Nesby, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 207). *See Anders v. California*, 386 U.S. 738, 744 (1967). The government has responded to the motions (Doc. 213), as has Nesby (Doc. 221).

Nesby was convicted by a jury of two counts of conspiracy to possess with intent to distribute crack cocaine. At sentencing, the Court found that Nesby's base offense level under United States Sentencing Guideline Manual ("U.S.S.G.") § 2D1.1 was 42 and his criminal history category was VI, yielding a guideline sentencing range of 360 months to life in prison. However, because the government had filed an enhancement pursuant to 21 U.S.C. § 851, setting forth three prior felony drug convictions, Nesby's statutory minimum sentence was life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). Consequently, pursuant to U.S.S.G. § 5G1.1(b), his guideline sentence became life imprisonment. The Court sentenced Nesby to the statutory minimum sentence of life imprisonment. Nesby now asks the Court to apply recent changes to

U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Nesby cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing range of defendants whose minimum guideline sentence was determined under U.S.S.G. §

2

5G1.1(b) based on a statutory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts. *See Forman*, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum."). Because Nesby was sentenced based on his statutory minimum sentence in accordance with U.S.S.G. § 5G1.1(b), not his base offense level set forth in U.S.S.G. § 2D1.1, under the old and amended guidelines, his guideline sentence would have been life imprisonment. Thus, the amendments did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Nesby cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 207) and **DISMISSES** Nesby's motion for a sentence reduction (Doc. 194) for **lack of jurisdiction**. The Clerk is **DIRECTED** to mail a copy of this order to Defendant Larry Anthony Nesby, #05328-025, USP Terre Haute, P.O. Box 33, Terre Haute, IN 47808.

**IT IS SO ORDERED.**
**Dated: July 16, 2009.**

            s/ J. Phil Gilbert
            **J. PHIL GILBERT**
            **U.S. DISTRICT JUDGE**