UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff, | |
| v. | Case No. 01-cr-40047-JPG |
| LARRY ANTHONY NESBY, | |
|     Defendant. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on defendant Larry Anthony Nesby's amended motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 288). The Government has responded to the motion (Docs. 292 & 313), and the defendant has replied to the response (Docs. 295 & 314).

In May 2002, a jury found Nesby guilty of two counts of conspiring to distribute 50 grams or more of crack cocaine. Because of three prior drug convictions, the statutory sentencing range for this offense was mandatory life in prison. 21 U.S.C. §§ 841(b)(1)(A)(iii) & 851 (2001). At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of at least 1.9 kilograms of crack cocaine, which under U.S.S.G. § 2D1.1 (2001) yielded a base offense level of 38. The Court increased his offense level by 2 points under U.S.S.G. § 2D1.1(b)(1) because he possessed a dangerous weapon and by 2 points under U.S.S.G. § 3C1.1 because he obstructed justice. This established a total offense level of 42 which, considering the defendant's criminal history category of VI, established by his career offender status as well as his criminal

history points, yielded a guideline sentencing range of 360 months to life in prison.[1]  However, the Court was required to impose the statutory mandatory sentence of life in prison on both counts.  In November 2016, Nesby's sentence was commuted by the President to 360 months.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[2]  Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act— modified the statutory sentencing range for that crack cocaine offense.  First Step Act, § 404(b).  In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges.  The

---

[1] The PSR also recommended finding Nesby was a career offender under U.S.S.G. § 2B1.1. However, since his offense level calculated under U.S.S.G. § 2D1.1(c) resulted in a higher offense level, the Court used that method to calculate the guideline range.

[2] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111– 220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses.  *See* First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act.  First Step Act, § 404(c).  In sum, the Court now may, but is not required to, reduce a defendant's sentence if the defendant was sentenced under a statutory penalty provision that was changed by the Fair Sentencing Act.  *See United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether the Fair Sentencing Act modified a penalty).

      The parties agree that the defendant is eligible for a sentence reduction under the First Step Act.  His conviction is the type of conviction covered by § 404 of the First Step Act.  He committed the federal offense before August 3, 2010, and the Fair Sentencing Act modified the statutory sentencing range set forth in 21 U.S.C. § 841(b)(1)(A)(iii) under which he was sentenced. Because the Fair Sentencing Act modified the penalties for the statute under which the defendant was sentenced, his offense qualifies as a covered offense under the Fair Sentencing Act.  *See Shaw*, 957 F.3d at 739.  Thus, the defendant is eligible for reduction under the First Step Act, subject to the Court's discretion.

      Nesby asks the Court to reduce his sentence to times served (apparently he has already served approximately 229 months in prison) plus a term of supervised release of 8 years.  He points to the lower statutory and guideline ranges that would apply if he were sentenced today.  He also notes his remarkable institutional adjustment:   he has not had a single disciplinary infraction during his incarceration, he has obtained his GED, he has paid his fines and assessments, he has maintained

steady employment in coveted prison jobs since he entered prison, and he has participated in numerous education programs, although none of which addressed his substance abuse. He also suggests his age—he is now 61 years old—weighs in favor of a reduction. Furthermore, the Bureau of Prisons has granted Nesby compassionate release to serve the remainder of his sentence of incarceration (until approximately 2027) on home confinement, a signal of its confidence that he no longer poses a great danger to the community.

On the other hand, the Government urges the Court to use its discretion to deny the defendant a reduction despite his eligibility for one. It disagrees with Nesby on the guideline range that would be applicable to his crime today, and because his current 360-month sentence falls within the ranges proposed by both the Government and the defendant, it asks the Court not to reduce that sentence. It points to Nesby's substantial criminal history—he accumulated 34 criminal history points, many of which were not countable in his criminal history calculation. The Government notes Nesby's three prior drug felonies cited in the § 851 information and that fact that some of his conduct leading to arrests and prior convictions was violent or involved threats of violence.

As a preliminary matter, the Court declines to conduct a plenary resentencing hearing as such a proceeding is not required by the First Step Act. *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *United States v. Cooper*, 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding plenary resentencing hearing, noting that "nothing in § 404 plainly requires the district court to hold any sort of hearing at all"). Furthermore, to the extent the Court might have discretion to hold a hearing, it declines to do so as the arguments are already well-articulated in the record.

As recommended by the United States Court of Appeals for the Seventh Circuit in *Shaw*, 957 F.3d at 734, 741-42, the Court considers the defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to the defendant's request. Also, although it is not bound to give any reduction based on current statutes, guidelines, or sentencing law, those factors are relevant to its consideration of how to exercise its discretion. *United States v. Hudson*, 967 F.3d 605, 612 (7th Cir. 2020) (citing *Shaw*, 957 F.3d at 741-42).

Had the defendant been convicted today of conspiring to deliver more than 50 grams of crack cocaine, with his prior convictions, and with relevant conduct of 1.9 kilograms of crack cocaine, he would have been subject to a statutory sentencing range of 10 years to life in prison plus an 8-year term of supervised release under 21 U.S.C. §§ 841(b)(1)(B)(iii) and 851. His base offense level under U.S.S.G. § 2D1.1, considering application of retroactive guidelines amendments since his sentencing, would have been 32 and his total offense level would have been 36. However, his offense level based on his career offender status would be now be higher at 37 that his offense level based on U.S.S.G. § 2D1.1, so his career offender offense level would have been the total offense level. U.S.S.G. § 4B1.1. Considering his criminal history category of VI, his guideline range would be 360 months to life in prison followed by eight years of supervised release, but no statutory life sentence would apply. This is the range the Government believes is appropriate.

It appears, though, that under current law, the defendant could no longer be a career offender based on the prior convictions used by the Court at sentencing, a fact that the Court can consider in its exercise of discretion. *See Hudson*, 967 F.3d at 612. He would no longer be considered a

5

career offender because one of the predicate convictions used—aggravated battery charged under the insulting or provoking conduct prong of the statute—no longer qualifies toward career offender status. *United States v. Evans*, 576 F.3d 766, 768-69 (7th Cir. 2009). Without the career offender designation, Nesby's total offense level would be 36 based on U.S.S.G. § 2D1.1 and his guideline range would be 324 to 405 months in prison. This is the range Nesby believes is appropriate; the Government argues that the First Step Act does not give the Court the authority to revisit the career offender designation.

The Court agrees with the Government that it is not required to eliminate Nesby's career offender status as it would in a plenary resentencing, but it agrees with Nesby that it is a factor the Court may consider in the exercise of its discretion. *See Hudson*, 967 F.3d at 612. This is a difficult case because Nesby's pre-conviction conduct was vastly different from his post-conviction conduct. It is almost as if the Court is looking at two different individuals—one who, before his conviction, regularly committed crimes and used physical violence against others, and one who, after his conviction, has been a model prisoner. The Court's prior consideration of the § 3553(a) factors with respect to his pre-conviction conduct as explained at sentencing remains valid. However, his recent conduct requires further analysis of those factors.

The Court is extremely impressed with Nesby's demonstrated ability to comply with the law and prison rules during his more than 20 years of incarceration. Furthermore, it appears that he has made good use of this time in working and educating himself. Indeed, the Government offers nothing negative to say about Nesby since his has been in prison.

It is clear to the Court that Nesby does well when given the proper guidance and supervision. Clearly he did not have it before his current conviction, but prison seems to have

provided him the structure and oversight he needed. He has become a productive member of prison society, and the Court believes with the right guidance, he can become a productive member of society outside prison as well. The Court weighed the nature and circumstances of Nesby's offense when it originally sentenced him. It believes the 229 months of that sentence Nesby has already served have adequately punished him and taught him respect for the law. Since he has turned over this new leaf, he does not pose the danger to the public that his presentence conduct foreshadowed. It also believes, however, that, based on his history and personal characteristics, Nesby needs guidance he is not currently receiving from the Bureau of Prisons while on home confinement but that he would receive on supervised release. With this necessary guidance, the Court believes Nesby would become a productive member of society.

Accordingly, the Court concludes that a sentence of time served, followed by an 8-year term of supervised release, is all that is necessary to comply with the purposes set forth in § 3553(a) and is now an appropriate sentence. The Court is aware that this sentence falls below either guideline range identified by the parties as appropriate, but believes Nesby's good conduct in prison and the need for supervision on home confinement justifies the lower sentence. It therefore reduces his sentence of imprisonment to <u>time served</u> on all counts, followed by a term of supervised release of 8 years, all to run concurrently. The conditions of supervised release would be:

### MANDATORY CONDITIONS

*The following conditions are authorized pursuant to 18 U.S.C. § 3583(d):*

The defendant shall not commit another federal, state or local crime.

> ***Condition Explanation:*** *The defendant is to abide by all federal, state, or local laws, including traffic laws and local ordinances. Violation of this condition is based solely on the defendant's conduct. An actual charge or citation by a law enforcement agency is not necessary.*

The defendant shall not unlawfully possess a controlled substance.

> *Condition Explanation:  The defendant is not to possess any substance that is controlled by law without a valid prescription from a licensed physician.  This includes ingesting controlled substances that are legally prescribed to others.  In the 7th Circuit, use of a controlled substance constitutes "possession" of a controlled substance.*
>
> *Although some states have legalized medical marihuana and/or the recreational use of marihuana, the possession and distribution of marihuana remains a violation of federal statutes.  As such, in addition to violating a federal law, a defendant who uses marihuana, regardless if it prescribed or used in a state where it has been legalized, is in violation of this condition.*

The defendant shall refrain from any unlawful use of a controlled substance.   The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court, not to exceed 52 tests in one year.

> *Condition Explanation:  The defendant will be required to submit an initial drug test sometime during the first 15 days of supervision.  A minimum of two subsequent drug tests during the period of supervision are also required.  The maximum number of drug tests the defendant could be required to submit is 52 during a calendar year.  In nearly all instances, drug testing will consist of the defendant submitting an observed urine specimen in the presence of a probation officer.  Alternative means of drug testing, such as a sweat patch, can be utilized if necessary.*

## **ADMINISTRATIVE CONDITIONS**

*The following conditions of supervision are administrative and applicable whenever supervision is imposed, regardless of the substantive conditions that may also be imposed. These conditions are basic requirements essential to <u>supervision</u>.*

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

> *Condition Explanation: The defendant must report, in person, to the probation office in the district to which the defendant is released within 72 hours.  If the defendant is unable to report in person, the defendant is expected to contact the probation office in the district to which the defendant is released by telephone within 72 hours to explain why the defendant cannot report in person and to make arrangements to meet with a probation officer.  A third party contacting the probation office for the defendant does not satisfy the reporting requirement.*

The defendant shall not knowingly possess a firearm, ammunition, or destructive device.  The defendant shall not knowingly possess a dangerous weapon unless approved by the Court.

8

> ***Condition Explanation:*** *The defendant shall not possess or have access to a firearm, ammunition, or destructive device (e.g. bomb, poison gas, explosive, etc.).  The defendant needs to be aware that constructive possession may be the same as actual possession of these items. The defendant does not have to physically possess a firearm, but if it can be shown that the defendant had knowledge of the firearm and the ability to have control over it, it could be considered that the defendant was in possession of the firearm. The defendant is not to possess a dangerous weapon (e.g. bow & arrow, antique firearm, black powder firearm, crossbow, etc.) without prior approval of the Court.  Some common household items (e.g. kitchen knife, tool, etc.) could be considered a dangerous weapon depending on the intent of the defendant when possessing the item.*

The defendant shall not knowingly leave the federal judicial district without the permission of the Court or the probation officer.

> ***Condition Explanation***:   *During the term of supervision, the defendant's travel is restricted to the federal judicial district where the defendant resides.  If initially approved by the probation office, defendants residing in the Southern District of Illinois are routinely approved to make one-day trips, which do not include staying overnight, of up to 50 miles outside the district's boundaries for employment, recreational, and other purposes.   All other travel must be approved in advance by the probation officer.   The probation officer does not have the authority to approve travel outside the continental United States.   Travel outside the continental United States can only be approved by the Court*.  *The federal judicial district for the Southern District of Illinois is comprised of the following counties: Alexander, Bond, Calhoun, Clark, Clay, Clinton, Crawford, Cumberland, Edwards, Effingham, Fayette, Franklin, Gallatin, Hamilton, Hardin, Jackson, Jasper, Jefferson, Jersey, Johnson, Lawrence, Madison, Marion, Massac, Monroe, Perry, Pope, Pulaski, Randolph, Richland, St. Clair, Saline, Union, Wabash, Washington, Wayne, White, and Williamson. 28 U.S.C. § 93.*

The defendant shall report to the probation officer in a reasonable manner and frequency directed by the Court or probation officer.

> ***Condition Explanation***:    *Probation officers utilize various reporting requirements depending on the circumstances of the defendant which include, but are not limited to, submitting a monthly supervision report, reporting in person, and reporting by telephone.  The standard reporting requirements for defendants usually involve submitting a written monthly supervision report.  The report form requires the defendant to provide detailed information regarding the defendant's current living situation and compliance with the conditions of supervision.  This report must be filled out completely and received by the probation office by no later than the tenth day of each month, otherwise it is considered late. Defendants may be required to submit verification of employment, schooling, law violations, and other documentation with their report forms.  If a defendant intentionally omits information from the monthly supervision report, or intentionally lists false material information on the report, it is not only considered a violation of the conditions of supervision,*

9

*but the offender may be prosecuted for Making False Statements, pursuant to 18 U.S.C. § 1001.*

The defendant shall respond to all inquiries of the probation officer and follow all reasonable instructions of the probation officer.

> *Condition Explanation*:  *The defendant is required to respond to all questions posed to them by any U.S. Probation Officer.   If the defendant provides false information to the probation officer, the defendant may be prosecuted for False Statements, pursuant to 18 U.S.C. § 1001. The defendant is required to follow the instructions of the probation officer on all matters that pertain to the conditions of supervision.*

The defendant shall notify the probation officer prior to an expected change, or within 72 hours after an unexpected change, in residence or employment.

> *Condition Explanation*: *If the defendant plans to make a change in residence or place of employment, the defendant is required to notify the probation officer of the change in residence or employment prior to the change (ten days in advance if possible).  If the defendant's residence or employment status changes without advance notice, then the defendant is to notify the probation officer within 72 hours after any change.  As to employment, this condition only applies to obtaining employment, changing from full to part-time or part to full-time, or separating from employment (e.g. laid-off, leaving for a new job, quit job, etc.)*

> *For the purposes of supervision, the defendant's residence is considered to be the location where the defendant maintains their personal possessions, receives mail, and maintains living quarters.  If the defendant spends more than one night in a seven day period at a location other than the approved residence, the defendant must provide the probation officer with the address of the additional residence.*

The defendant shall not knowingly meet, communicate, or otherwise interact with a person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity.

> *Condition Explanation*:  *The defendant is not to knowingly meet, communicate (e.g. in person, by telephone, by text message, etc.), or otherwise interact with a person (including family members) he or she knows to be engaged, or plans to be engaged, in any criminal activity.*

The defendant shall permit a probation officer to visit the defendant at a reasonable time at home or at any other reasonable location and shall permit confiscation of any contraband observed in plain view of the probation officer.

> *Condition Explanation*:  *The defendant will allow a probation officer to visit the defendant at the defendant's residence or any other reasonable location in the community.   Visits with defendants are generally conducted between the hours of 6:00 a.m. and 10:00 p.m. and can occur on any day of the week.   Depending on the circumstance and/or conduct of the*

10

> *defendant, visits may occur outside of the previously stated hours. For example, if the defendant works shift work, or if the probation officer feels the defendant is intentionally trying to avoid **a visit**, a visit may occur at other times. During the visit, if any item observed in plain view is illegal or prohibited by the conditions of supervision, the item can be seized and used as evidence in a Court proceeding.*

The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

> ***Condition Explanation***: *The defendant shall notify the probation officer of any official contact with law enforcement within 72 hours. Official contact includes, but is not limited to, the following:*
>
> - *All traffic stops and/or arrests for law violations, including traffic or ordinance citations*
>
> - *Any conversation between the defendant and a law enforcement officer acting in an official capacity, regardless if the defendant was involved or was a victim or witness*
>
> - *Verbal or written warnings from law enforcement*
>
> - *Contact with law enforcement initiated by the defendant (e.g. The defendant calls the police to report a crime)*
>
> *This condition also requires that the defendant notify the probation officer of any agreement the defendant has entered into to act as an informer of special agent of a law enforcement agency. Any agreement to work with law enforcement must be approved by the Court.*
>
> *If the defendant is arrested and remains in custody beyond the 72 hour requirement, immediately upon release, the defendant is to notify the probation office of the law enforcement contact.*

## **SPECIAL CONDITIONS**

*Pursuant to the factors in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3583(d), the following special conditions are recommended. While the Court imposes special conditions, pursuant to 18 U.S.C. § 3603(10), the probation officer shall perform any other duty that the Court may designate. The Court directs the probation officer to administer, monitor, and use all suitable methods consistent with the conditions specified by the Court and 18 U.S.C. § 3603 to aid persons on probation/supervised release. Although the probation officer administers the special conditions, final authority over all conditions rests with the Court.*

**Condition Justification:** Based on the defendant's criminal history including a conviction for Driving Under the Influence, the following condition is recommended:

11

The defendant shall refrain from excessive use of alcohol, which is defined as having a blood alcohol concentration of 0.08 or higher or when the consumption of alcohol directly contributes to the defendant violating other conditions of supervision, and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, unless prescribed by a physician.

> *Condition Explanation:   The defendant is considered to have used alcohol to excess when his/her blood alcohol concentration is .08 or higher, or in such a manner that it directly contributes to the defendant violating other conditions of supervision. The following are some examples of how alcohol consumption could result in the defendant violating other conditions of supervision:*
> - *Failure to maintain employment due to alcohol use*
> - *New law violations in which alcohol use was a contributor*
> - *Illegal drug use that resulted from the defendant's use of alcohol*
> - *Using alcohol while involved in substance abuse treatment*
>
> *For the purposes of this condition, the defendant is not to possess or use a controlled substance unless prescribed by a physician. The defendant is not to distribute or administer any substance that is controlled by law. Although some states have legalized medical marihuana and/or the recreational use of marihuana, the possession and distribution of marihuana remains a violation of federal statutes.  As such, in addition to violating a federal law, a defendant that uses marihuana, regardless if it prescribed or used in a state where it has been legalized, is in violation of this condition.*
>
> *Paraphernalia related to controlled substances includes, but is not limited to, devices used to ingest controlled substances (e.g. smoking pipes, syringes, rolling papers, etc.), and materials used to cultivate, manufacture, and deliver a controlled substance.*

**Condition Justification:**   Based on the defendant's instant offense, his history with delivery of illegal substances, and his own admission to abusing illegal substances, the following conditions are recommended:

The defendant shall participate in treatment for narcotic addiction, drug dependence, or alcohol dependence, which includes urinalysis and/or other drug detection measures and which may require residence and/or participation in a residential treatment facility, or residential reentry center (halfway house).   The number of drug tests shall not exceed 52 tests in a one-year period.   Any participation will require complete abstinence from all alcoholic beverages and any other substances for the purpose of intoxication.   The defendant shall pay for the costs associated with services rendered, based on a Court approved sliding fee scale and the defendant's ability to pay.   The defendant's financial obligation shall never exceed the total cost of services rendered.   The Court directs the probation officer to approve the treatment provider and, in consultation with a licensed practitioner, the frequency and duration of counseling sessions, and the duration of treatment, as well as monitor the defendant's participation, and assist in the collection of the defendant's copayment.

*Condition Explanation:   The defendant will be required to report for all scheduled evaluations and counseling sessions, and participate as required by the treatment provider. Depending on the severity of the defendant's past and/or present substance abuse issues, the defendant may be required to receive treatment services in a residential facility or while residing in a halfway house.  In nearly all instances, drug testing will consist of the defendant submitting an observed urine specimen in the presence of a treatment provider employee.   While participating in treatment, from intake until discharged from treatment, the defendant will be required to refrain from any use of alcohol or other intoxicants (e.g. synthetic marihuana, bath salts, huffing paint, etc.).  Alternative means of drug testing, such as a sweat patch, can be utilized if necessary.*

The defendant shall not knowingly visit or remain at places where controlled substances are illegally sold, used, distributed, or administered.

*Condition Explanation:   The defendant is not to knowingly go to or remain at places and/or residences where controlled substances are illegally sold, used, distributed, or administered.  The defendant bears some responsibility of ensuring that the areas/residences they go to do not illegally sell, use distribute, or administer controlled substances.*

**Condition Justification:**   In order to eliminate idle time, contribute to potential treatment costs, address the defendant's need to support himself, the following condition is recommended:

The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

*Condition Explanation:  Working regularly is defined as maintaining full or part-time lawful employment throughout the term of supervision unless the probation officer or Court has excused the defendant.  If unemployed during the term of supervision, the defendant is to actively seek to obtain employment.  Employment may be excused if the defendant attends school or a training program on a full-time basis, disabled, retirement age, or for other acceptable reasons (e.g. homemaker, caregiver).   If the defendant is ordered to pay a fine or restitution, regardless if the defendant is going to school or is of retirement age, the defendant will be required to work in order to satisfy the financial obligation as soon as possible.   Defendants that owe a substantial financial obligation and are working part-time will be required to seek full-time employment in order to expedite payment of the financial obligation.*

**Condition Justification:**   Based on the defendant's instant offense, his criminal history that includes convictions for multiple drug possession offenses, weapon possession, thefts, and need to confirm compliance with his conditions, the following condition is recommended.

13

The defendant's person, residence, real property, place of business, vehicle, and any other property under the defendant's control is subject to a search, conducted by any United States Probation Officer and other such law enforcement personnel as the probation officer may deem advisable and at the direction of the United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release, without a warrant.   Failure to submit to such a search may be grounds for revocation. The defendant shall inform any other residents that the premises and other property under the defendant's control may be subject to a search pursuant to this condition.

> *Condition Explanation:  All searches are to be conducted by the U.S. Probation Office with the assistance of law enforcement if deemed necessary. This condition does not authorize a law enforcement agency, outside the presence of the U.S. Probation Office, to initiate and conduct a search without a warrant.  Searches are generally conducted between the hours of 6:00 a.m. and 10:00 p.m. and can occur any day of the week. Depending on the circumstance and/or conduct of the defendant, searches may occur outside of the previously stated hours.  For example, if the defendant works shift work and is unavailable during the stated hours, a search may occur at other times.  Searches pursuant to this condition are based on reasonable suspicion meaning that that the probation officer must have facts that are specific, clear, and easy to explain and result in a rational conclusion that the defendant is in possession of contraband or evidence of a violation of the condition of supervision.  If the defendant refuses to allow the probation office to execute a search, or obstructs a search, the defendant is in violation of this condition which may result in the Court being petitioned to revoke the defendant's supervision.*

Nesby has reviewed the foregoing term and conditions of supervised release with his counsel, who has informed the Court he has no objections.

Accordingly, the Court **GRANTS** the defendant's amended motion for a reduction based on the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 288). The Court will enter a separate order of reduction in the Court's standard format.   In light of this ruling, the Court **DENIES as moot** the defendant's *pro se* motion for a reduction (Doc. 268).

**IT IS SO ORDERED.**
**DATED:   August 24, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

14